**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

United States of America,

        Plaintiff,                            **MEMORANDUM OPINION
AND ORDER**
v.                                              Criminal No. 07-46 ADM/JJG
                                                       Civil No. 08-4913 ADM

Daniel Paul Clevenger,

        Defendant.

_____

Daniel Paul Clevenger, pro se.

Richard A. Newberry, Jr., Esq., Assistant United States Attorney, Minneapolis, MN, for Plaintiff.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Daniel Paul Clevenger's ("Defendant") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 25].[1]  For the reasons set forth herein, Defendant's § 2255 Motion is denied

## II. BACKGROUND

Following arrests in November 2006 and December 2006, Defendant was indicted on two counts of possession with intent to distribute crack cocaine (Counts 1 and 4), two counts of simple possession of crack cocaine (Counts 2 and 5), and two counts of possession of a firearm by an unlawful user of a controlled substance (Counts 3 and 6).  Counts 1, 2, and 3 stem from a November 2006 arrest and charge Defendant with possessing approximately 50 grams of crack

---

[1] Unless otherwise specified, all docket references are to Criminal No. 07-46 ADM/JJG.

cocaine and a Ruger nine millimeter semi-automatic handgun.  Counts 4, 5, and 6 relate to a December 2006 arrest and charge Defendant with possessing approximately nine grams of crack cocaine and a HiPoint nine millimeter semi-automatic handgun.

Pursuant to a plea agreement, Defendant pleaded guilty on May 1, 2007, to Counts 4 and 6.  In exchange for Defendant's guilty plea, the United States agreed to dismiss the December charge of simple possession, as well as all three charges stemming from the November arrest.  Change of Plea Hr'g Tr. [Docket No. 36] at 13.  The United States agreed to recommend a three-level reduction in the base offense level for Defendant's acceptance of responsibility, which lowered the offense level to 25 with an imprisonment range of 63 to 78 months.  Plea Agreement [Docket No. 17] ¶¶ 19-21.

At the sentencing hearing on September 7, 2007, Defendant was granted, in addition to the three-level reduction for acceptance of responsibility, a two-level reduction in anticipation of the effect of a pending amendment to the sentencing guidelines.  Ex. in Supp. of Mot. [Docket No. 29], Attach. 4 (Sent. Hr'g Tr.) at 3.[2]  Thus, Defendant's offense level was determined to be level 23, which resulted in a guideline range of 51 to 63 months.  Id.  However, because the charge of possession with intent to distribute crack cocaine carries a mandatory minimum of 60 months, Defendant was sentenced to 60 months.  Id. at 9.  The Court explained that even if the sentence of 60 months had not been mandatory, a lower sentence would not have been imposed

---

[2] Although the sentencing hearing transcript indicates that Judge Rosenbaum presided over the proceedings, the docket confirms that Judge Montgomery presided at the sentencing hearing.  See Sept. 7, 2007 Minute Entry [Docket No. 19].  The clerical error in the transcript is likely attributable to the fact that the court reporter during the sentencing hearing is assigned to Judge Rosenbaum and was substituting for Judge Montgomery's assigned court reporter on September 7, 2007.

in light of the very serious nature of Defendant's criminal behavior, which involved both firearms and narcotics. Id.

Defendant filed a pro se § 2255 motion on August 11, 2008. Defendant seeks relief under § 2255 on the grounds that (1) the indictment failed to give adequate notice of the charges against him, (2) the arrest and search that lead to his prosecution were unreasonable and conducted without probable cause, and (3) he was denied effective assistance of counsel by his attorney's investigation of his case, negotiation of the plea agreement, and failure to present certain arguments regarding sentencing.

### III. DISCUSSION

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence. See United States v. Addonizio, 442 U.S. 178, 185 (1979). A prisoner is entitled to an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A hearing is unnecessary if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

**A.     Plea Agreement Waiver**

As an initial matter, the United States argues that in the plea agreement, Defendant waived the right to seek relief under § 2255. The waiver provision in the plea agreement provides that "[t]he defendant also waives his right to challenge his sentence or the manner in

which it was determined in any collateral attack, including but not limited to a motion brought under [§ 2255]." Plea Agreement ¶ 12. The Eighth Circuit has held that waivers in plea agreements such as the one here are enforceable. See DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000). But "[a] defendant's plea agreement waiver of the right to seek section 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel." Id. at 924. Accordingly, "when the defendant's claims of ineffective assistance relate to the negotiation of, and entry into, the plea agreement and waiver," a court will not dismiss the § 2255 motion on the basis of the plea agreement waiver. Id.

Defendant's ineffective assistance claim is directed primarily at the representation he received in connection with the determination of his sentence, rather than the representation connected with the negotiation of and decision to enter into the plea agreement. However, there are instances in which Defendant relates his claim of ineffective assistance to the negotiation of and entry into the plea agreement. For example, he asserts that his attorney was ineffective in failing to challenge the constitutionality of his arrest in a suppression motion or to challenge the sufficiency of the indictment in a motion to dismiss, failing to adequately investigate his case, and failing to argue a "drug addiction defense." Mot. to Vacate at 8A. He contends that had his attorney pursued these challenges, "she could have probably [negotiated a plea] for the lesser charge of [simple possession]." Id. at 8, 8D. Because Defendant has asserted a claim of ineffective assistance of counsel relating to his decision to enter into the plea agreement, the Court will reach the merits of the claims in the § 2255 motion, despite the waiver in the plea agreement.

**B.     Probable Cause and Sufficiency of the Indictment**

In addition to raising the issues of probable cause for his arrest, as well as the sufficiency of the indictment as grounds for his ineffective assistance of counsel claim, Defendant contends that these issues constitute § 2255 claims in their own right. The Court disagrees.

"A defendant's knowing and intelligent guilty plea forecloses 'independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" United States v. Vaughan, 13 F.3d 1186, 1187-88 (8th Cir. 1994) (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973)). As such, a valid guilty plea operates as a waiver of a defendant's right to raise claims on collateral review that evidence was unlawfully obtained. See Smith v. United States, 876 F.2d 655, 657 (8th Cir. 1989). Thus, to the extent that Defendant challenges the constitutionality of the arrest and search as a claim in its own right, rather than as an aspect of his claim that the guilty plea was not knowing and voluntary due to ineffective assistance, such a claim is barred. See Iron Wing v. United States, 34 F.3d 662, 664 n.2 (8th Cir. 1994); see also United States v. Anderson, No. 04-221, 2008 WL 4849110, at *3, n.3 (D. Minn. Nov. 6, 2008). In addition, Defendant acknowledged at his change of plea hearing that he understood that he was waiving the right to file pretrial motions to challenge, among other things, the constitutionality of his arrest and seizure. Change of Plea Hr'g Tr. at 8.

Turning to Defendant's challenge to the sufficiency of the indictment, it is well settled that absent "exceptional circumstances," such a challenge "is not cognizable in a section 2255 action." United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981); see also Moore v. United States, 337 F.2d 350, 352 (8th Cir. 1964) (holding that the Eighth Circuit has consistently adhered to the general rule that "absent exceptional circumstances, the sufficiency of the

indictment is not subject to collateral attack") (citing <u>Keto v. United States</u>, 189 F.2d 247, 251 (8th Cir. 1951)).  Defendant does not allege exceptional circumstances.  No exceptional circumstances occurred and, in any event, Defendant's challenge to the sufficiency of the indictment is without merit.

Defendant argues that the indictment "does not specify and differentiate between . . . counts four and five and whether the evidence charging simple possession of cocaine for personal use and possession with intent to distribute the same cocaine [is] the same."  Def.'s Mem. in Supp. of § 2255 Mot. [Docket No. 26] at 13.  Thus, he claims, he was charged with "both intent and without intent to distribute the same [crack] cocaine based upon the same evidence."  <u>Id.</u>  Simple possession under 21 U.S.C. § 844(a) does not include an element of a defendant being "without intent to distribute."  Rather, what a defendant intends to do with the controlled substance is irrelevant.  And regardless, Defendant pleaded guilty to possession with intent to distribute; he did not plead guilty to simple possession.

   **C.**  **Ineffective Assistance**

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 694 (1984).  Courts employ a strong presumption that counsel has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  <u>Id.</u>  If a defendant fails to establish prejudice as required by the second part of the <u>Strickland</u> test, a court need not

address whether the attorney's representation was objectively reasonable.  United States v.

Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

Defendant argues his attorney was ineffective by: (1) not challenging the constitutionality of the arrest and search; (2) not challenging the sufficiency of the indictment; (3) failing to adequately investigate his case and raise particular defenses; and (4) not arguing for a sentence below the 60-month mandatory minimum for possession with intent to distribute crack cocaine.  Def.'s Mem. in Supp. of § 2255 Mot. at 6-7.

### 1.        Suppression

Defendant claims that his attorney was ineffective in failing to move to suppress evidence asserting that the arrest and search were not supported by probable cause.  To prevail on such a claim, Defendant must show that he was prejudiced by the failure to file such a motion.  DeRoo, 223 F.3d at 925.  Defendant asserts that he was prejudiced because, but for his attorney's failure to file the motion, he would not have pleaded guilty.  See Hill v. Lockhart, 474 U.S. 52, 59 (1985) (holding that in order to show prejudice on a claim of ineffective assistance in the context of a guilty plea, a defendant must show that there is a reasonable probability that but for the attorney's errors, the defendant would not have pleaded guilty and would have proceeded to trial).  However, if "there is no reasonable probability that the motion would have been successful," a defendant cannot show that he was prejudiced.  See DeRoo, 223 F.3d at 925; Iron Wing, 34 F.3d at 665.

The circumstances surrounding Defendant's warrantless arrest and search on December 19, 2006, were as follows.  At approximately 10:00 p.m., Minneapolis police officers were dispatched to 5650 34th Avenue South to respond to a domestic abuse call.  Ex. in Supp. of Mot.

to Vacate [Docket No. 29], Attach. 1 (Police Reports) at 3.  The caller reported that the suspect was outside of that address standing in the parking lot and that he was a black male, 22 years old, and wearing a black jacket and blue jeans.  Id.  Police arrived at the scene and observed Defendant, a black male in his early twenties, standing in the parking lot shared by house numbers 5650 and 5660.  Id.  Defendant was the only person standing in the parking lot, and he matched the description given by the caller, including skin color, clothing, and approximate age.  Id.  When Defendant saw the police officers turning into the parking lot, he "immediately turned the opposite direction of [the] squad car and began to walk away."  Id.  At this point, the police officers got out of their squad cars, walked toward Defendant, and ordered him to put his hands on his head and interlace his fingers.  Id.  An officer conducted a pat search and felt what he immediately recognized as a handgun in Defendant's pants pocket.  Id.  The officer shouted "Gun!" and then forced Defendant to the ground and handcuffed him.  Id.  Another officer performed a search incident to arrest and found a baggie of suspected crack cocaine in Defendant's jacket pocket.  Id.

     Contrary to Defendant's arguments, probable cause existed to make the arrest and conduct the search.  An officer has probable cause to make a warrantless arrest "when the facts and circumstances are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense."  United States v. Davidson, 527 F.3d 703, 706 (8th Cir. 2008).  When considering whether probable cause exists, courts look at the "totality of circumstances, giving due weight to the inferences officers could draw from their general experiences."  United States v. Sherrill, 27 F.3d 344, 347 (8th Cir. 1994).  Here, Defendant matched the description of the suspect from the domestic abuse call, he was standing in the same

parking lot that the caller said the suspect was, and he walked away when he noticed the police officers approaching. Given the match of information and their observations, the police officers made a reasoned decision that they had found the suspect described in the domestic abuse call. And when a protective pat search revealed a concealed handgun on Defendant, probable cause existed to make an arrest. The fact that the police were mistaken in their belief that Defendant was the suspect from the domestic abuse call does not render Defendant's arrest unlawful. See Hill v. California, 401 U.S. 797, 802 (1971) ("[W]hen the police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest."). Accordingly, the subsequent search that revealed the crack cocaine was valid as being incident to that lawful arrest. Because there is no reasonable probability that the motion to suppress would have been successful, Defendant cannot show prejudice resulting from the failure to file the motion, and, therefore, his claim that his attorney was ineffective in failing to file the motion fails.

### 2. Sufficiency of the Indictment

As previously explained in part III.B., Defendant's argument regarding the sufficiency of the indictment is without merit. Therefore, Defendant's claim that his attorney was ineffective in failing to move to dismiss the indictment as being insufficient fails because such a motion would not have been successful. See DeRoo, 223 F.3d at 925 (concluding that a claim of ineffective assistance for failing to move to dismiss an indictment failed because such a motion would not have been successful).

### 3.     Adequate Investigation

Defendant next argues that his attorney was ineffective because she failed to adequately investigate his case and develop an argument for a defense or mitigation based on drug addiction or simple possession for personal use. Again, Defendant cannot show that he was prejudiced by this allegedly deficient assistance, and, accordingly, his ineffective assistance claim fails.

Throughout his arguments, Defendant maintains that the crime that he is really guilty of is simple possession, 21 U.S.C. § 844(a), rather than the offense to which he pleaded guilty, possession with intent to distribute, 21 U.S.C. § 841(a)(1). The factual basis for both charges was Defendant's arrest for being in possession of approximately nine grams of crack cocaine on December 19, 2006. Under § 844(a), a person convicted of simple possession of a mixture or substance which contains cocaine base "shall be imprisoned not less than 5 years . . . if the conviction is a first conviction under this subsection and the amount of the mixture or substance exceeds 5 grams." Similarly, a person convicted under § 841(a)(1) for possession with intent to distribute "shall be sentenced to a term of imprisonment which may not be less than 5 years" if the offense involved "5 grams or more of a mixture or substance . . . contain[ing] cocaine base,"." 21 U.S.C. § 841(b)(1)(B). The nine grams of crack cocaine Defendant possessed subjected him to a statutory mandatory minimum sentence of 60 months regardless of whether the conviction was for simple possession or possession with intent to distribute. This being so, any investigation and development of a drug addiction or personal use defense or mitigation would have been without effect because a district court does not have discretion to impose a sentence below the statutory mandatory minimum, except in very limited situations not implicated here. See 18 U.S.C. § 3553(e)-(f) (providing that a district court can impose a

10

sentence below a statutory minimum only in the following situations: (1) upon motion of the Government so as to reflect a defendant's "substantial assistance" or (2) the offense is a drug offense and the defendant does not have more than one criminal history point, the defendant did not use violence or threats of violence or possess a firearm, the offense did not result in death or serious bodily injury, the defendant was not an organizer or leader in a continuing criminal enterprise, and the defendant truthfully provides all information and evidence to the Government regarding the offense).[3]

### 4. Sentencing Arguments

Defendant argues that his attorney was ineffective because she failed to argue at sentencing for a sentence shorter in duration than the 60-month mandatory minimum required by the statute. Specifically, Defendant contends that his attorney was ineffective for failing to argue that under United States v. Booker, 543 U.S. 220 (2005), Gall v. United States, 128 S. Ct. 586 (2007), and Kimbrough v. United States, 522 U.S. 558 (2007), the Court was required not to "treat[] his sentence in a mandatory fashion." Def.'s Mem. in Supp. of § 2255 Mot. at 21-23. Defendant's reliance on Booker, Gall, and Kimbrough is misplaced. Those decisions stand for the proposition that the Federal Sentencing Guidelines are advisory only and that a sentencing court may not treat the guidelines as mandatory. Booker, Gall, and Kimbrough did not, however, impact the manner in which mandatory minimum sentences established by statutes rather than the sentencing guidelines effect a district court's sentencing decision. See United

---

[3] No motion was made by the United States implicating § 3553(e), and the parties agreed in the plea agreement that Defendant does not qualify for the second exception, the so-called "safety valve" provision in § 3553(f) for certain drug offenses. Plea Agreement ¶ 23. It appears that the safety valve is indeed inapplicable, and Defendant has made no arguments to the contrary.

States v. Guillen-Esquivel, 534 F.3d 817, 819 (8th Cir. 2008) ("[W]e have recognized Congress can limit [by statute] a sentencing court's discretion because such statutes do not implicate the Sixth Amendment problems addressed in Booker," and, "[t]hus, Gall, Booker, and [Kimbrough] do not allow district courts to ignore the limits placed upon their discretion by [statutory mandatory minimum sentences]"); see also United States v. Gregg, 451 F.3d 930, 937 (8th Cir. 2006) ("Booker does not relate to statutorily imposed [mandatory minimum] sentences.").

Also, Defendant claims that his attorney should have argued against the two-level enhancement he received for being in possession of a firearm and should have objected to a prior conviction being used to increase his base offense level. But because Defendant received the statutory mandatory minimum sentence for his conviction of possession with intent to distribute, the two-level enhancement and the effect of the prior conviction on his base offense had no effect on the determination of the duration of his sentence: Absent the enhancement and the increase to the base offense level resulting from the prior conviction, Defendant would not have received a sentence any less than the 60-month mandatory minimum that was imposed. As such, Defendant cannot show that he was prejudiced by the failure to object to the two-level enhancement or the inclusion of the prior conviction in calculating his sentence.

Throughout his arguments on the various issues raised in the § 2255 motion, Defendant repeatedly maintains that he should have been convicted of simple possession rather than possession with intent to distribute and that his attorney was ineffective in failing to explain to him the difference between those offenses and in counseling him to plead guilty to possession with intent to distribute. The record belies Defendant's assertions. In the plea agreement, Defendant declared that he: (1) "has read the charges against him contained in the indictment

and those charges have been fully explained to him by his attorney"; (2) "fully understands the nature and elements of the crime with which he has been charged"; and (3) "will plead guilty because he is in fact guilty of the charges contained in counts 4 and 6 of the indictment." Plea Agreement ¶¶ 2-5. When asked by the Court if he had been provided enough time to talk with his attorney and whether he was satisfied with her services, Defendant responded affirmatively. Change of Plea Hr'g Tr. at 6. In addition, Defendant admitted in the plea agreement that he was in fact guilty of "unlawfully posess[ing] with intent to distribute approximately 10 grams of cocaine base ('crack' cocaine)." Plea Agreement ¶ 6. Similarly, at the change-of-plea hearing on May 1, 2007,[4] the prosecutor asked Defendant whether he was "going to distribute . . . all or part of the ten grams of crack cocaine," and Defendant responded "Yes, sir." Change of Plea Hr'g Tr. at 25.

Upon consideration of all of the claimed instances of ineffective assistance, the Court finds that Defendant has failed to establish that there is a reasonable probability that but for the alleged errors, the result of the plea negotiation process or the determination of Defendant's sentence would have been different. The facts admitted by Defendant in the plea agreement and at the change-of-plea hearing established his guilt and fixed the duration of his sentence. Plea Agreement ¶ 6; Change of Plea Hr'g Tr. at 23-26. Considering that Defendant's attorney was able to negotiate a plea agreement resulting in a five-year sentence and a dismissal of the charges stemming from the November arrest, which, given the amount of crack cocaine found during that

---

[4] Defendant claims that "no record exist[s] that [he] changed his plea from not guilty to guilty," and that he does not recall any change of plea hearing having occurred. Def.'s Mem. in Supp. of § 2255 Mot. at 28. The transcript of the May 1, 2007 hearing clearly shows that Defendant was present and that he expressly informed the Court that the reasons he was present was to change his plea to guilty. Change of Plea Hr'g Tr. at 1-3.

arrest, exposed Defendant to a possible statutory mandatory minimum sentence of ten years, Defendant had good reason to be satisfied with his attorney's services. See 21 U.S.C. § 841(b)(1)(A) (imposing a ten-year mandatory minimum for possession with intent to distribute 50 grams or more of a mixture or substance containing cocaine base). Defendant's claims that he received ineffective assistance of counsel are without merit.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Daniel Paul Clevenger's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 25] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 26, 2009.